# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

August 29, 2018

*By the Court:*

| No. 18-2734 | UNITED STATES CONFERENCE OF MAYORS, Plaintiff - Appellant<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General of the United States, Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:18-cv-04853<br>Northern District of Illinois, Eastern Division<br>District Judge Harry D. Leinenweber ||

The following are before the court:

1. **THE UNITED STATES CONFERENCE OF MAYORS' EMERGENCY MOTION TO LIFT STAY ON PRELIMINARY INJUNCTION ORDER IN LIGHT OF DEFENDANT'S AUGUST 10, 2018 DEADLINE**, filed August 10, 2018, by counsel for the appellant.

2. **OPPOSITION TO APPELLANT'S MOTION TO LIFT STAY OF PRELIMINARY INJUNCTION**, filed on August 17, 2018, by counsel for the appellee.

3. **THE UNITED STATES CONFERENCE OF MAYORS' REPLY IN FURTHER

No. 18-2734 Page 2

**SUPPORT OF ITS EMERGENCY MOTION TO LIFT STAY OF PRELIMINARY INJUNCTION**, filed on August 24, 2018, by counsel for the appellant.

The district court entered a preliminary injunction enjoining the Attorney General from attaching the three challenged conditions to grants awarded under the Edward Byrne Memorial Justice Assistance Grant Program to the City of Evanston and to any member of the United States Conference of Mayors who faces the Attorney General's August "accept or decline" deadlines. The court declined to enter a broader injunction sought by the Conference of Mayors, which would have applied nationwide across the application of the Byrne JAG program, instead limiting the injunction only to Evanston and the members of the Conference of Mayors. Concerned with the progression of *City of Chicago v. Sessions* in our court, the district court then stayed the injunction as to the Conference of Mayors based on its determination that judicial economy and the public interest would be best served by first permitting our court to consider the then-pending rehearing as to the nationwide injunction, or to consider the stay as an initial matter.

In deferring to this court, the district court did not consider the usual factors relevant in a stay decision. This case is fundamentally different than the situation we faced in *City of Chicago* because the injunction is limited to the parties actually before the court who have demonstrated a right to the relief. The concern with the pending *City of Chicago* case therefore was unfounded. Accordingly,

**IT IS ORDERED** that the emergency motion to lift the stay of preliminary injunction is **GRANTED**. The district court's stay is **LIFTED**, and the preliminary injunction shall be in effect as originally ordered by the district court.

The State of Texas has submitted a brief as amicus curiae in support of the appellee, which we **CONSTRUE** as containing an implied request for leave to file the brief.

**IT IS FURTHER ORDERED** that leave to file the brief in support of the motions matter is **DENIED**.

form name: **c7_Order_BTC**(form ID: **178**)