## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CITY OF EVANSTON and THE UNITED STATES CONFERENCE OF MAYORS,<br><br>       *Plaintiffs*,<br><br> v.<br><br>JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as Attorney General of the United States,<br><br>       *Defendant.* | Case No. 1:18-cv-04853<br><br>Hon. Harry D. Leinenweber |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant hereby answers Plaintiff's Complaint for Injunctive and Declaratory Relief as follows:

### FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### SECOND DEFENSE

Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows, in correspondingly numbered paragraphs:

### INTRODUCTION

1. This paragraph contains Plaintiffs' characterizations of the lawsuit, to which no response is required.

2. This paragraph contains Plaintiffs' characterizations of the lawsuit, to which no response is required.

3. This paragraph contains Plaintiffs' characterizations of the lawsuit, to which no

response is required.

4.     This paragraph contains Plaintiffs' characterizations of the lawsuit, to which no response is required.

5.     This paragraph contains Plaintiffs' characterizations of the lawsuit, to which no response is required.

6.     This paragraph contains Plaintiffs' characterizations of the lawsuit, to which no response is required.

## PARTIES

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.     Defendant admits the first two sentences of this paragraph.  Defendant further admits that the Attorney General is the head of the United States Department of Justice, which administers the Byrne JAG Program, but otherwise denies Plaintiffs' characterizations in the third sentence of this paragraph.

## JURISDICTION AND VENUE

10.     This paragraph contains Plaintiffs' conclusions of law, to which no response is required.

11.     This paragraph contains Plaintiffs' conclusions of law, to which no response is required.

## FACTUAL ALLEGATIONS

**A.     The Byrne JAG program provides critical funds to cities**

12.     The first sentence of this paragraph contains Plaintiffs' characterizations of and legal

conclusions about the Byrne JAG program, to which no response is required. Defendant denies the allegations in the second sentence, except to admit that the Office of Justice Programs within the Department of Justice administers the Byrne JAG program.

13.     This paragraph (including footnote 1) contains Plaintiffs' characterizations of and legal conclusions about the Byrne JAG program, to which no response is required. Defendant refers to the statutes and legislative history cited in this paragraph (and footnote 1) for a complete and accurate statement of their contents.

14.     This paragraph contains Plaintiffs' characterizations of and legal conclusions about the Byrne JAG program, to which no response is required. Defendant refers to the statutes cited in this paragraph for a complete and accurate statement of their contents.

15.     This paragraph contains Plaintiffs' characterizations of and legal conclusions about the Byrne JAG program, to which no response is required. Defendant refers to the statutes cited in this paragraph for a complete and accurate statement of their contents.

**B.     The Conference was formed to address the intersection of federal and local policy and has resolved to oppose the Attorney General's actions**

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     To the extent this paragraph refers to a Conference resolution, Defendant refers to that resolution for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     To the extent this paragraph refers to a Conference resolution, Defendant refers to that resolution for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     To the extent this paragraph refers to a Conference resolution, Defendant refers to that resolution for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.     To the extent this paragraph refers to a Conference resolution, Defendant refers to that resolution for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     To the extent this paragraph refers to a Conference resolution, Defendant refers to that resolution for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

4

of the allegations in this paragraph.

**C. Conference members rely on Byrne JAG funds.**

31.     Defendant admits that certain Conference members have applied for and received Byrne JAG funds, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Defendant refers to the materials cited in footnote 2 for their complete and accurate contents.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of the paragraph that Evanston is a Conference member, denies that Evanston received Byrne JAG funds in FY 2009, but admits that Evanston received Byrne JAG funds from FY 2010 to the present.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.  Defendant admits the allegations in the third sentence.

33.     Defendant admits the allegations contained in the first sentence of the paragraph.  The second sentence of this paragraph contains Plaintiffs' characterizations of and legal conclusions about the Byrne JAG program, to which no response is required.  Defendant refers to the statute cited in this paragraph for a complete and accurate statement of its contents.

34.     Plaintiffs' assertion in the first sentence of this paragraph regarding Congressional intent is a characterization and legal conclusion about the Byrne JAG program, to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**D. The Conference, Evanston, and other Conference members promote policies of cooperation between local law enforcement and immigrants.**

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

5

of the allegations in this paragraph.

37.     To the extent this paragraph characterizes provisions of the Evanston City Code, Defendant refers to that Code for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     To the extent this paragraph characterizes provisions of the Evanston City Code, Defendant refers to that Code for a complete and accurate statement of its contents.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence of this paragraph consists of argument, rather than factual allegations, and therefore no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the second sentence.

40.     The allegations in this paragraph are vague and undefined, thus precluding a fair response by Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, except to admit that certain jurisdictions have adopted policies designed to frustrate the enforcement of federal immigration law.  Defendant refers to the materials cited in footnote 3 for their complete and accurate contents.

41.     The allegations in this paragraph are vague and undefined, thus precluding a fair response by Defendant.  Defendant refers to the cited materials for a complete and accurate statement of their contents.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.  Defendant refers to the materials cited in footnotes 4 and 5 for their complete and accurate contents.

42.     The allegations in this paragraph are vague and undefined, thus precluding a fair response by Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.     The allegations in this paragraph are vague and undefined, thus precluding a fair response by Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

**F.      The Department imposed three unlawful conditions on FY 2017 Byrne JAG funds.**

45.     This paragraph contains Plaintiffs' characterizations of and legal conclusions about the Byrne JAG Program, to which no response is required.  To the extent a response is required, Defendant admits that it administers the Byrne JAG program consistent with applicable statutes and admits that it is incorporating the notice, access, and compliance condition into FY 2017 Byrne JAG grants, but otherwise denies the allegations in this paragraph.

**1.      The notice condition**

46.     This paragraph contains Plaintiffs' characterization of the FY 2017 Byrne JAG local solicitation, to which Defendant refers for a complete and accurate statement of its contents.

47.     Defendant denies the allegations contained in the first sentence of this paragraph, except to admit that the Department of Justice has recently sent certain jurisdictions their FY 2017 Byrne JAG award documents, to which the Defendant refers for a complete and accurate statement of their contents.  The remainder of this paragraph characterizes the Department's FY 2017 Byrne JAG sample award document, to which Defendant refers for a complete and accurate statement of its contents.

### 2. The access condition

48.     This paragraph contains Plaintiffs' characterization of the FY 2017 Byrne JAG local solicitation, to which Defendant refers for a complete and accurate statement of its contents.

49.     Defendant denies the allegations contained in the first sentence of this paragraph. The remainder of the paragraph characterizes the Department's FY 2017 Byrne JAG sample award document, to which Defendant refers for a complete and accurate statement of its contents.

### 3. The compliance condition

50.     The first sentence of this paragraph contains Plaintiffs' characterization of the FY 2017 Byrne JAG local solicitation, to which Defendant refers for a complete and accurate statement of its contents. Defendant denies the allegations contained in the second sentence of this paragraph, except to admit that a local government's chief legal officer must certify compliance with 8 U.S.C. § 1373 in order for an applicant to accept an award validly.

51.     This paragraph refers to 8 U.S.C. § 1373, to which Defendant refers for a complete and accurate statement of its contents.

52.     Defendant denies the allegations contained in the first sentence of this paragraph. The remainder of this paragraph characterizes the Department's FY 2017 Byrne JAG sample award document, to which Defendant refers for a complete and accurate statement of its contents.

### F. The conditions are ambiguous, arbitrary, and without justification

53.     Defendant denies the allegations contained in the first sentence of this paragraph. The second sentence sets forth Plaintiffs' characterization of a Department of Justice press release, to which Defendant refers for a complete and accurate statement of its contents. Defendant denies any remaining allegations in the second sentence.

54.     This paragraph refers to a press release and press backgrounder document, to which Defendant refers for a complete and accurate statement of their contents. Defendant denies any

remaining allegations in this paragraph.

55.     Defendant denies the allegations in the first three sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence. The fifth sentence is vague and ambiguous, thus precluding a fair response; to the extent a response is required, it sets forth the requirements of the Illinois Code, to which Defendant refers for its complete and accurate contents.

56.     Denied.

**G.      The Department lacks any authority to impose the three conditions.**

57.     To the extent this paragraph characterizes provisions of the U.S. Code, Defendant refers to those provisions for a complete and accurate statement of their contents. This paragraph otherwise sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

58.     To the extent this paragraph characterizes provisions of the Byrne JAG statute, Defendant refers to that statute for a complete and accurate statement of its contents. This paragraph otherwise sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

59.     To the extent this paragraph (including footnote 8) characterizes provisions of the Byrne JAG statute, 8 U.S.C. § 1373, or other statutory provisions, Defendant refers to those provisions for a complete and accurate statement of their contents. The paragraph otherwise sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

60.     This paragraph purports to characterize legislative history, to which Defendant refers for its complete and accurate contents. The paragraph otherwise sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

61.     Denied.

62.     This paragraph sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

63.     This paragraph sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

64.     This paragraph sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.

65.     This paragraph sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.  To the extent the paragraph contains factual allegations, they are so vague and undefined that they preclude a fair response by Defendant.

> **H.     The Department's unlawful conditions will injure Evanston and the Conference's other members, forcing them to choose between vital law enforcement funding and their constitutional rights.**

66.     This paragraph sets forth Plaintiffs' conclusions of law or consists of legal argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

67.     Defendant admits that the Cities and States identified in this paragraph (and footnote 9) have filed lawsuits regarding Byrne JAG conditions being challenged in this lawsuit, but otherwise denies the allegations contained in this paragraph.

68.     This paragraph refers to this Court's decision in *City of Chicago v. Sessions*, 264 F. Supp. 3d 933 (N.D. Ill. 2017), to which Defendant refers for a complete and accurate statement of its contents.

69.     Admitted.

70.     This paragraph refers to this Court's decision in *City of Chicago v. Sessions*, 2017 WL 5499167 (N.D. Ill. Nov. 16, 2017), to which Defendant refers for a complete and accurate statement of its contents.

71.     This paragraph refers to the United States Court of Appeals for the Seventh Circuit's decision in *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018), to which Defendant refers for a complete and accurate statement of its contents.

72.     Defendant admits the allegations in the first sentence of this paragraph.  Defendant denies the allegations contained in the second sentence, except to admit that the Attorney General did not request rehearing *en banc* on issues other than the scope of the preliminary injunction.

73.     This paragraph refers to a series of decisions by the United States Court of Appeals for the Seventh Circuit, to which Defendants refer for their full and complete contents.

74.     Defendant denies the allegations in this paragraph, except to admit that the Department began issuing FY 2017 Byrne JAG award notifications to certain jurisdictions shortly after the United States Court of Appeals for the Seventh Circuit stayed the nationwide effect of this Court's preliminary injunction in *City of Chicago v. Sessions*, and that the award documents contained the text of the challenged conditions.

75.     Denied, except to admit that the Department has not yet issued FY 2017 Byrne JAG awards to certain jurisdictions.

76.     Defendant denies the allegations in the first sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

77.     This paragraph contains Plaintiffs' characterizations of this lawsuit, to which no response is required.

### COUNT ONE:  ULTRA VIRES

78.      Defendant restates and incorporates, by reference, each and every preceding response.

79.     This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

80. This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

81. The first sentence of this paragraph sets forth Plaintiffs' characterization of the Seventh Circuit's decision in *City of Chicago v. Sessions*, 888 F.3d 272 (7th Cir. 2018), to which Defendant refers for its complete and accurate contents. The remainder of this paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

82. This paragraph characterizes legislative history, to which Defendant refers for its complete and accurate contents, or sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

83. Denied.

84. Denied.

## COUNT TWO: SEPARATION OF POWERS

85. Defendant restates and incorporates, by reference, each and every preceding response.

86. This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

87. This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required. Defendant denies any remaining allegations in this paragraph.

88. Denied, except Defendant admits that the FY 2017 Byrne JAG sample award document includes the notice condition.

89. Denied, except Defendant admits that the FY 2017 Byrne JAG sample award document includes the access condition.

90. Denied, except Defendant admits that the FY 2017 Byrne JAG sample award document includes the compliance condition.

91. Denied.

## COUNT THREE:  SPENDING CLAUSE

92.     Defendant restates and incorporates, by reference, each and every preceding response.

93.     This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     The first sentence of this paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.  Defendant denies the remaining allegations in this paragraph.

100.    Denied.

101.    This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

102.    Denied.

103.    Denied.

104.    Denied.  Defendant refers to the Press Release cited in footnote 11 for its complete and accurate contents.

105.    Denied

106.    This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

107.    Denied.

108.    Denied.

## COUNT FOUR:  COMMANDEERING

109.    Defendant restates and incorporates, by reference, each and every preceding response.

110.    This paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.  Defendant denies any remaining allegations in this paragraph.

111.    This paragraph purports to characterize legislative history and case law, to which Defendant refers for its complete and accurate contents, or sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.

112.    The first sentence of this paragraph sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required.  Defendant denies the allegations in the second sentence.  The third sentence of this paragraph characterizes a Department of Justice Office Inspector General Memorandum, to which Defendant refers for its complete and accurate contents.  The fourth sentence sets forth Plaintiffs' legal arguments and conclusions of law, to which no response is required. Defendant denies any remaining allegations in this paragraph.

113.    Denied.

114.    Denied.

115.    Denied.

## COUNT FIVE:  ADMINISTRATIVE PROCEDURE ACT

116.    Defendant restates and incorporates, by reference, each and every preceding response.

117.    Denied.

118.    Denied.

119.    Denied.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are

14

entitled to any relief.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and other such relief as the Court may deem appropriate.

DATED:  September 17, 2018                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. LAUSCH, JR.
United States Attorney

JOHN R. TYLER
Assistant Director

/s/ Brad P. Rosenberg
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Phone: (202) 514-3374
Fax: (202) 616-8460
E-Mail:   brad.rosenberg@usdoj.gov

Counsel for Defendant