IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CITY OF EVANSTON and THE UNITED STATES CONFERENCE OF MAYORS**, <br><br>*Plaintiffs*, <br><br>v. <br><br>**WILLIAM P. BARR**, <br>Attorney General of the United States.*,* <br><br>*Defendant.* | Civil Action No. 1:18-cv-4853 <br><br> Hon. Harry D. Leinenweber |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES**

Defendant William P. Barr, in his official capacity as Attorney General of the United States, notifies this Court of pertinent supplemental authority: the Second Circuit's recent decision in *New York v. U.S. Department of Justice*, No. 19-267, 2020 WL 911417 (2d Cir. Feb. 26, 2020) (attached), which upheld the notice, access, and § 1373 certification conditions on the FY 2017 Byrne JAG awards.

The Second Circuit's opinion in *New York* supports Defendant's arguments in its Opposition to Plaintiffs' Motion for Attorney Fees that the Government's position was substantially justified. *See* Def.'s Opposition 6–9, ECF No. 109. On the merits, Defendant argued, among other things, that the notice, access, and § 1373 certification conditions on Byrne JAG awards are authorized by 34 U.S.C. § 10153. *See* Mem. in Support of Def.'s Mot. to Dismiss or, in the Alternative, Mot. for Summ. J., and Opp. to Pls.' Mot. for Partial Summ. J. 14–15, ECF No. 78; Def.'s Reply 5, ECF No. 87. The Second Circuit unanimously agreed on all three points:

The Second Circuit held that the notice condition is authorized by 34 U.S.C. § 10153(A)(4), which requires grant applicants to certify that they will "maintain and report such data, records, and information (programmatic and financial) as the Attorney General may reasonably require." The court observed that information about an alien's release from local custody is "programmatic" as to "Byrne-funded programs that relate in any way to the criminal prosecution, incarceration, or release of persons." Op. 63; *see* Op. 61–65.

The Second Circuit also held that the notice and access conditions are authorized by 34 U.S.C. § 10153(A)(5)(C), which requires applicants to certify that there has been "appropriate coordination with affected agencies." The court noted that those conditions ensure that the Department of Homeland Security can "ascertain when a removable alien will be released" and "what aliens incarcerated by the State are removable," enabling the Department to carry out its statutory responsibilities. Op. 72; *see* Op. 65–73.

Finally, the Second Circuit concluded that the § 1373 certification condition is authorized by 34 U.S.C. § 10153(A)(5)(D). Op. 35. The court reasoned that the statute's text requires applicants to certify a willingness to comply with all "applicable Federal laws," and that § 1373 is an "applicable Federal law[]" within the meaning of the statute. *See* Op. 35–49.

The Second Circuit's decision demonstrates the reasonableness of the Government's actions and positions in this case, foreclosing the Plaintiff's entitlement to fees. 28 U.S.C. § 2412(d)(1)(A). Although "the fact that one other court agreed or disagreed with the Government does not *establish* whether its position was substantially justified," *Pierce v. Underwood*, 487 U.S. 552, 569, (1988) (emphasis added), the Seventh Circuit has described the existence of supportive precedent from other courts as indicative of substantial justification. *See Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009) (citing *Krecioch v. United States*, 316 F.3d 684, 689 (7th Cir. 2003)).

A copy of the Second Circuit's opinion is attached to this Notice.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Charles E.T. Roberts
Charles E.T. Roberts (PA Bar No. 326539)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Phone: (202) 305-8628
Fax: (202) 616-8470
E-Mail: charles.e.roberts@usdoj.gov

*Counsel for Defendant*