IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF EVANSTON and THE UNITED STATES CONFERENCE OF MAYORS,<br><br>Plaintiffs,<br>v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States,<br><br>Defendant. | Case No. 18-cv-4853 |

**THE UNITED STATES CONFERENCE OF MAYORS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES**

The United States Conference of Mayors (the "Conference") respectfully moves the Court for an order granting it leave to file *instanter* supplemental authority in support of the Conference's motion for attorney fees. In support, the Conference respectfully states as follows:

On February 28, 2020, the Conference and defendant William P. Barr (the "Attorney General") completed briefing on the Conference's motion for attorney fees and expenses pursuant to the Equal Access to Justice Act. Dkt. 100, 109, 111. One issue presented by the motion is whether the government's pre-litigation and litigation positions were substantially justified. Dkt. 100 at 7-10; Dkt. 109 at 6-10; Dkt. 110 at 5-10.

On March 2, 2020, the Attorney General filed a notice of supplemental authority to *State of New York v. U.S. Department of Justice*, 951 F.3d 84 (2d Cir. 2020), arguing that it supports his contention that the government's position was substantially justified. Dkt. 112 at 1-2.

As the Conference noted in its response to the Attorney General's notice, *State of New York* is not relevant because whether the government's position was substantially justified is determined based on the record that existed at the time the government adopted its pre-litigation and litigation positions. Dkt. 113 at 2-3. Because the Second Circuit's decision came well after

the Attorney General's imposition of the challenged conditions and his defense of the conditions, *State of New York* is not part of the record and should not be considered when determining whether the Attorney General proved his positions were substantially justified. *Id.*

However, to the extent that the Court disagrees, and that authority outside the record can be considered, the Conference seeks leave to submit the First Circuit's recent decision in *City of Providence v. Barr*, No. 19-1802, 2020 WL 1429579 (1st Cir. Mar. 24, 2020). A true and correct copy of the opinion is attached as **Exhibit 1.**

In *City of Providence,* the First Circuit reviewed the FY2017 notice, access, and compliance conditions and found that the Attorney General "took an impermissible shortcut when it attempted to impose the challenged conditions" and "that Congress had not vested the DOJ with authority to impose" them. 2020 WL 1429579, at *14. In so doing, the First Circuit held that "[n]o provision in the [Byrne JAG] statute authorizes the DOJ to condition Byrne JAG grants on cooperation with federal immigration enforcement efforts." *Id.* at *6-12. The First Circuit explicitly rejected the Second Circuit's reasoning in *State of New York*. *Id.* at *9-10. Lastly, the First Circuit rejected 34 U.S.C. § 10202 as a source of authority for the Attorney General to impose the conditions. *Id.* at *12-14. Accordingly, the court affirmed the district court's injunction against imposition of these conditions and its writ of mandamus in aid of the injunction, which required the Attorney General to distribute Byrne JAG funds withheld from the plaintiffs based on the conditions. *Id.* at *4, 17.

In issuing its ruling in *City of Providence*, the First Circuit adopts the same rationale advanced by this Court in granting summary judgment to plaintiffs, and it rejects the same arguments advanced by the Attorney General in this case. *Compare id.* at *6-16 *with City of Evanston v. Barr*, 412 F. Supp. 3d 873, 881-82 (N.D. Ill. 2019) *citing to City of Chicago v. Barr,*

405 F. Supp. 3d 748, 761-63 (N.D. Ill. 2019); *see also City of Chicago v. Sessions*, 321 F. Supp. 3d 855, 874-76 (N.D. Ill. 2018)(holding FY2017 conditions are *ultra vires*). The First Circuit also joins the overwhelming majority of courts, including the Third, Seventh, and Ninth Circuits, in holding that the Attorney General's unilateral imposition of the challenged conditions is *ultra vires. See City of Philadelphia v. Attorney General*, 916 F.3d 276, 279 (3d Cir. 2019); *City of Chicago v. Sessions*, 888 F.3d 272, 287 (7th Cir. 2018), *reh'g en banc granted in part on other grounds*, *vacated in part on other grounds*, No. 17-2991, 2018 WL 4268817 (7th Cir. June 4, 2018); *City of Los Angeles v. Barr*, 941 F.3d 931, 934 (9th Cir. 2019).

Accordingly, to the extent the Court considers more recent decisions such as *State of New York* in determining whether the Attorney General's conduct was substantially justified, the Conference respectfully requests that the Court also consider the holding in *City of Providence*. That holding can only confirm that the Attorney General lacked substantial justification for his actions, and that the Conference therefore is entitled to its fees.

WHEREFORE, for the reasons stated above, the Conference respectfully requests leave to file *instanter* the supplemental authority attached as Exhibit 1.

| | |
|---|---|
| Dated: March 26, 2020 | Respectfully submitted, |
| | |
| Brian C. Haussmann | THE UNITED STATES CONFERENCE |
| Katherine M. O'Brien | OF MAYORS |
| John M. Fitzgerald | |
| Kyle A. Cooper | By: /s/ Brian C. Haussmann |
| Amie M. Bauer | One of Its Attorneys |
| Tabet DiVito & Rothstein LLC | |
| 209 South LaSalle Street, 7th Floor | |
| Chicago, IL 60604 | |
| Telephone: (312) 762-9450 | |
| bhaussmann@tdrlawfirm.com | |
| kobrien@tdrlawfirm.com | |
| jfitzgerald@tdrlawfirm.com | |
| kcooper@tdrlawfirm.com | |
| abauer@tdrlawfirm.com | |

## CERTIFICATE OF SERVICE

      I hereby certify that on March 26, 2020 I electronically filed the foregoing document by using the Court's CM/ECF system. Counsel for all parties are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

      By:    /s/ Brian C. Haussmann
                  Brian C. Haussmann