# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CITY OF EVANSTON and THE UNITED STATES CONFERENCE OF MAYORS**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **WILLIAM P. BARR**, <br> Attorney General of the United States, <br><br> *Defendant*. | Civil Action No. 1:18-cv-4853 <br><br> Hon. Harry D. Leinenweber |

### DEFENDANT'S RESPONSE TO UNITED STATES CONFERENCE OF MAYORS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant William P. Barr, in his official capacity as Attorney General of the United States, respectfully submits this response to Plaintiff United States Conference of Mayors' (USCM) Notice of Supplemental Authority in support of its fee motion. USCM Notice, ECF No. 119.

USCM's Notice again misunderstands the substantial-justification inquiry. *See* Def.'s Opposition 8–9, ECF No. 109. If the Government's position is "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced,'" then it is substantially justified and fees may not be awarded. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)); *see* 28 U.S.C. § 2412(d)(1)(A). The inquiry is *not* how many courts had affirmed the Government's position when it was taken; rather, it is whether "a reasonable person could think [that position] correct" at the time it was taken. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *see* Def.'s Opposition 6–9.

— 1 —

The First Circuit's decision in *City of Providence v. Barr*, No. 19-1802, 2020 WL 1429579 (1st Cir. Mar. 24, 2020), does not alter that inquiry's outcome here. That court's agreement with this Court's rationale at summary judgment is beside the point when it comes to entitlement to fees because the First Circuit did not pass on the reasonableness of the Government's positions. Rather, if anything, the First Circuit's decision reinforces the point that reasoned differences of opinion exist about the Government's positions. *See id.* at *1 (acknowledging circuit split); *id.* at *14 (disagreeing with Ninth Circuit's reasoning regarding 34 U.S.C. § 10102(a)(6)). That "uncertainty in the law . . . weighs in the government's favor when analyzing the reasonableness of the government's litigation position." *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994).

In other words, as the Government explained in its Notice of Supplemental Authority, ECF No. 112, the Second Circuit's decision demonstrates that reasonable people could (and do) think the Government's position correct. *See New York v. U.S. Dep't of Justice*, 951 F.3d 84, 90–91 (2d Cir. 2020) (unanimously agreeing that challenged conditions are authorized by 34 U.S.C. § 10153). That authorizing statute provided "a reasonable basis in law" for the conditions both when imposed and now. *Hallmark Constr. Co.*, 200 F.3d at 1079.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Charles E.T. Roberts
Charles E.T. Roberts (PA Bar No. 326539)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Phone: (202) 305-8628
Fax: (202) 616-8470
E-Mail: charles.e.roberts@usdoj.gov

*Counsel for Defendant*