IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF EVANSTON and THE UNITED STATES CONFERENCE OF MAYORS, | |
| Plaintiffs, | Case No. 18 CV 4853 |
| v. | Judge Harry D. Leinenweber |
| MERRICK B. GARLAND, in his official capacity as Attorney General of the United States, | |
| Defendant. | |

## AMENDED FINAL JUDGMENT AND ORDER

Now, this 15th day of November 2021, for the reasons set forth in the Court's Memorandum Opinion dated September 26, 2019 (Dkt. No. 93), it is hereby **ORDERED** that final judgment be entered in favor of Plaintiffs, the City of Evanston and the U.S. Conference of Mayors, and against the U.S. Attorney General. Consistent with Federal Rule of Civil Procedure 65, 5 U.S.C. § 706, and 28 U.S.C. § 2201, the Court grants Plaintiffs injunctive and declaratory relief as set forth below.

Through this lawsuit, Plaintiffs challenged the Attorney General's decision to attach seven conditions (the "Conditions") to the FY 2018 Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG"), specifically:

1. The notice condition. This condition requires Byrne JAG recipients to provide "as early as practicable" advance notice to the Department of Homeland Security (DHS) of the scheduled release date and time of an alien in the jurisdiction's custody whenever DHS requests such notice in order to take custody of the alien upon release.

2. The access condition. This condition requires Byrne JAG recipients to permit federal government agents access to any correctional facility to meet with any alien or any person believed to be an alien and inquire as to their right to be or remain in the United States.

3. The Section 1373 compliance condition, which requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1373.

4. The Section 1644 compliance condition, which requires that Byrne JAG recipients certify compliance with 8 U.S.C. § 1644.

5. The harboring condition. This condition prohibits Byrne JAG recipients from making any public disclosure of any federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18 U.S.C. Ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. Ch. 12.

6. The additional certification requirement. This condition requires a Byrne JAG recipient to certify that it does not have any law, policy, or practice that would apply to the program or activity to be funded and would violate 8 U.S.C. §§ 1357(a), 1226(a), 1226(c), 1231(a), 1366(1), or 1366(3).

7. The questionnaire condition. This condition requires a Byrne JAG applicant to answer: (1) whether it has any laws, policies, or practices related to whether, when, or how employees may communicate with DHS or Immigration and Customs Enforcement; and (2) whether it is subject to any laws from a superior political entity that meet the description in question one. If the applicant answers yes to either

question, it must provide a copy of each law or policy; describe each practice; and explain how the law, policy, or practice complies with Section 1373.

I. **PERMANENT INJUNCTION**

This injunction is being issued because all seven of the challenged conditions are *ultra vires*. (*See generally* Sept. 26, 2019 Order; *City of Chicago v. Barr*, No. 18 C 6859, 2019 WL 4511546 (N.D. Ill. Sept. 19, 2019).) This Order applies to the Attorney General's imposition of the Conditions on the City of Evanston and any Conference member that has been allocated, applied for, or has been awarded Byrne JAG funds in FY 2017, FY 2018, and in any future grant year.

It is hereby **ORDERED** that the Attorney General's decision to attach the Conditions to the FY 2018 Byrne JAG grants, and to any Byrne JAG grants in future program years, is set aside and shall have no legal effect. The Attorney General is enjoined from denying or delaying issuance of any FY 2018 Byrne JAG award to the City of Evanston or any Conference member, insofar as that denial or delay is based on the Conditions. Prohibited conduct includes: using the Conditions in any FY 2018 Byrne JAG award document, or in any Byrne JAG award document in the future; delaying the processing or approval of a recipient's requests to draw upon its Byrne JAF funds based on the Conditions; and enforcing the Conditions against FY 2018 Byrne JAG recipients, or recipients in any future Byrne JAG program year, regardless of whether those Conditions appeared in Byrne JAG award documents for that fiscal year. No recipient's acceptance of its FY 2018 award, or of any Byrne JAG award in a future program year, may be construed as acceptance of the Conditions.

For purposes of this injunction, "delay" means the failure or refusal to take an action that the Attorney General has taken for any other Byrne JAG recipient in the same fiscal year, if that failure or refusal is based in any way on an applicant's compliance or lack of compliance with the Conditions or litigation involving the Conditions, including if such failure or refusal is based on the Attorney General seeking to preserve the ability to impose or enforce the Conditions in the future. "Recipient" means the City of Evanston or any Conference member that has been allocated, applied for, or has been awarded Byrne JAG funds.

## II.  DECLARATORY RELIEF

In accordance with the Seventh Circuit's opinion in *City of Chicago v. Barr*, 957 F.3d 772 (7th Cir. 2020), *opinion amended and superseded*, 961 F.3d 882 (7th Cir. 2020), the Court declares that the Attorney General exceeded his authority in requiring that the City of Evanston or any Conference member certify compliance, pursuant to 34 U.S.C. § 10153(a)(5)(D), with 8 U.S.C. §§ 1373 and 1644 because they are not applicable laws within the meaning of the statute. The Court further declares that the Attorney General, who is limited by longstanding principles of separation of powers to act only in accordance with congressional directives, exceeded the authority delegated by Congress in the Byrne JAG statute, 34 U.S.C. § 10151 *et seq.*, and in 34 U.S.C. § 10102, in attaching the Conditions to the Byrne JAG grants.

Nothing in this amended judgment order changes or affects the Court's basis for awarding permanent injunctive relief, or the scope of that relief, as set forth more fully above and in the Court's September 26, 2019 Memorandum Opinion and Order. (Dkt. No. 93).

### III. <u>FINAL JUDGMENT</u>

The Court has granted summary judgment in Plaintiffs' favor on Counts I, II, and IV of the Amended Complaint (Dkt. No. 46), and dismissed Counts III and V. There being no Counts remaining to be decided on the merits, the Court now enters final judgment in this case. Plaintiffs may still seek reasonable attorneys' fees and costs in this matter. *See* 28 U.S.C. § 2412. The Attorney General is entitled to object to or oppose any attempt by Plaintiffs to recover the same.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 11/15/2021